UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:11-CR-24-TBR

TONY GLEN HARVEY                                                              PETITIONER

v.

UNITED STATES OF AMERICA,                                              RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Tony Glen Harvey's Motion to Reconsider. [DN 202.] The United States did not respond. This matter is now ripe for adjudication. For the following reasons, Petitioner's motion is DENIED.

BACKGROUND

Harvey, a federal prisoner, was found guilty, after a jury trial, of two crimes: transporting a minor in interstate commerce with intent to engage in sexual activity and brandishing a firearm in furtherance of a crime of violence. [DN 101.] He was sentenced to 324 and 84 months in prison, respectively. [*Id.*] The Sixth Circuit Court of Appeals affirmed both the convictions and sentence. [DN 143.] Harvey then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [DN 145.] This Court referred the matter to Magistrate Judge Brennenstuhl for findings of fact, conclusions of law, and recommendations. [DN 150.] Harvey later filed a motion to amend his petition to add an additional claim of prosecutorial misconduct, [DN 154], which the Magistrate Judge granted. [DN 168.]

On June 9, 2016, this Court issued an Order [DN 194] and Judgment [DN 195] adopting the Magistrate Judge's Findings of Fact and Conclusions of Law [DN 189] and denying Harvey's § 2255 motion to vacate. [DN 145; 154.] The Court further denied a certificate of

1

appealability as to each claim asserted in Harvey's motion to vacate. [DN 194; 195.] On June 21, 2016, Harvey filed Notice of Appeal to the Sixth Circuit. [DN 196.] After Harvey's appointed counsel also filed an appeal to the Sixth Circuit [DN 197], the Sixth Circuit dismissed the first appeal (Case No. 16-5895) as duplicative of the second (Case No. 16-5910). [DN 199.] Case No. 16-5910 remains pending in the appellate court. On July 11, 2016, thirty-two (32) days after this Court dismissed his habeas petition, Harvey filed a Motion for Reconsideration of this Court's denial of his petition and further requested an evidentiary hearing, copies of investigatory reports relating to alleged misconduct by the Barren County Sherriff's Office, appointment of counsel for an evidentiary hearing, and copies of correspondence between his appointed counsel and the prosecutor from a previous evidentiary hearing. [DN 202.] Harvey claims, primarily, error resulting from his inability to present evidence of his claims of prosecutorial misconduct at an evidentiary hearing. [*See id.*]

DISCUSSION

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, Civil Action No. 5:11-CV-00034-TBR, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, however, Harvey filed the instant motion 32 days after judgment was entered. The Sixth Circuit has explained that "[a] motion for reconsideration, filed outside the time permitted under Fed.R.Civ.P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)." *Donaldson v. Cent. Michigan Univ.*, 109 F. App'x 15, 17 (6th Cir. 2004) (citing *Feathers v. Chevron U.S.A.*,

*Inc.,* 141 F.3d 264, 268 (6th Cir. 1998)). Accordingly, here, the Court will construe Harvey's motion for reconsideration as one for relief from a judgment or order under Rule 60(b).

## A. Jurisdictional Issues

Before it may properly consider Harvey's motion, however, the Court must address two preliminary jurisdictional issues.

### 1. Pending Appeal

The first issue is whether this Court can consider a Rule 60(b) motion given that an appeal is currently pending in the Sixth Circuit. Generally, "[t]he traditional rule is that 'a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'" *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (quoting *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir. 1993)). In 2009, however, Rule 62.1 of the Federal Rules of Civil Procedure went into effect and provides, in relevant part:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal**
>
> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > **(1)** defer considering the motion;
> >
> > **(2)** deny the motion; or
> >
> > **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1. The Advisory Committee Notes to Rule 62.1 provide that the Rule intends to adopt "the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." *Id.* advisory committee's note. This is because, as the Advisory Committee explained, "[a]fter an appeal has been docketed and while it remains

pending, the district court cannot grant a Rule 60(b) motion without a remand." *Id.* Instead, under Rule 62.1, a district court "can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue." *Id.* Accordingly, pursuant to Rule 62.1, the Court may consider Harvey's motion to reconsider, which it construes as a Rule 60(b) motion, and take one of the actions designated in Rule 62.1.

### 2.   Second or Successive Petition

The second issue the Court must address, however, it whether it has jurisdiction to consider Harvey's motion at all. The Sixth Circuit has explained that "Rule 60(b) motions . . . may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *Clark v. United States*, 764 F.3d 653, 658–59 (6th Cir. 2014)). Accordingly, "when faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Id.* (quoting *Gonzalez*, 545 U.S. at 530–31; *Clark*, 764 F.3d at 658–59). If a 60(b) motion is a second or successive petition, the Court "would apply 28 U.S.C. § 2244(b), which presents a bar to the motion." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (citing *Gonzalez*, 545 U.S. at 531). Before district courts may consider a second or successive § 2255 petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").

4

The Sixth Circuit has explained that "[a] Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). Moreover,

> a Rule 60(b) motion should be considered a § 2255 motion . . . "if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."

*Id.* (quoting *Gonzalez*, 545 U.S. at 532) (emphasis in original). "When, however, the Rule 60(b) motion alleges 'some defect in the integrity of the federal habeas proceedings,' then the motion should not be treated as a second or successive habeas petition." *Wilson v. United States*, 287 F. App'x 490, 493 (6th Cir. 2008) (citing *In re Nailor*, 487 F.3d at 1022). For instance, if the movant "simply request[s] a hearing or merely object[s] to the procedures used by the district court," rather than "challeng[ing] the merits of the district court's ruling," the motion should not be construed as a § 2255 motion. *See Albo v. United States*, 498 F. App'x 490, 495 (6th Cir. 2012).

Here, the Court cannot say that Harvey's motion is a second or successive § 2255 petition. In his motion, rather than asserting a new ground on which he seeks to attack his convictions or attacking this Court's resolution of his petition on the merits, Harvey appears to take issue solely with the Magistrate Judge's decision that the issues of prosecutorial misconduct raised in Harvey's amended petition would not be addressed during the evidentiary hearing held on January 27, 2016. [DN 183; 186.] Rather, the evidentiary hearing was confined to the four claims of ineffective assistance of counsel raised in Harvey's initial petition. [DN 169; 183.] This is a challenge to "the integrity of the federal habeas proceedings," rather than this Court or the

Magistrate Judge's resolution on the merits of the claims raised in Harvey's petition. Indeed, the Sixth Circuit has recognized that, when a Rule 60(b) motion asserts that a petitioner was "erroneously denied [] an evidentiary hearing and requests that the district court reopen the case and grant the hearing," the motion does not raise "a 'claim' because it does not assert an error in the . . . conviction and would not constitute a federal basis for relief." *Mitchell v. Rees*, 261 F. App'x 825, 829 (6th Cir. 2008). That is precisely the case here, where the core relief Harvey seeks in his motion is not relief from his convictions, but an evidentiary hearing on the issues of prosecutorial misconduct. [*See* DN 202 at 3.] Accordingly, the Court has jurisdiction to consider Harvey's motion, construed as a Rule 60(b) motion for relief from judgment or order.

### B.  Rule 60(b) Relief from Judgment or Order

Rule 60(b) provides that relief from judgment may be warranted in limited situations:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

As Harvey did not style his motion one for 60(b) relief, the Court must determine which, if any, of the enumerated grounds for 60(b) relief may apply here. Harvey raises several points in his motion. First, he contends that his Due Process rights were violated when some of the claims

6

made in his habeas petition, specifically claims of prosecutorial misconduct, were not heard at his evidentiary hearing. [DN 202 at 1.] Second, Harvey seems to claim that the Magistrate Judge's granting of his motion to amend his habeas petition to add an additional claim of prosecutorial misconduct [DN 168] demonstrates that the Court "accepted" his claims as true. [DN 22 at 1.] Third, Harvey alleges that the Magistrate Judge's determination that Harvey's claims of prosecutorial misconduct would not be presented at the evidentiary hearing "created an inaccurate appellate record." [DN 202 at 2–3.] Fourth, Harvey argues that the Magistrate Judge committed judicial misconduct when he stated that the prosecutorial misconduct claims would not be heard at the evidentiary hearing and that this decision violated the Magistrate Judge's order granting Harvey leave to amend. [DN 202 at 2 (citing DN 183).] Finally, Harvey urges the Court to recognize the existence of inherent bias against individuals charged with sex offenses and to consider such individuals as "member[s] of a suspect class . . . requiring additional federal protection." [DN 202 at 2.] In the Court's view, Harvey's claims could fall within two of the categories of 60(b) relief available: either alleged "mistake" by the Magistrate Judge under Rule 60(b)(1) or some "other reason that justifies relief" under Rule 60(b)(6).

The Sixth Circuit has recognized that Rule 60(b)(1) "mistakes" can include both claims of "judicial mistake[s]", *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983), and "legal error[s]." *Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) (quoting *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *Barrier*, 712 F.2d at 234). Accordingly, Harvey's allegation that it was error for the Magistrate Judge not to invite evidence regarding prosecutorial misconduct at the evidentiary hearing falls under this subsection. However, a careful review of the record persuades this Court that the Magistrate Judge's determinations, and this Court's adoption of his Report and

Recommendation, were sound and therefore do not justify relief under Rule 60(b)(1). As an initial matter, habeas petitioners are not automatically entitled to have each of their claims presented at an evidentiary hearing; rather, a "petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release . . . [or] relevant facts are in dispute.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna,* 12 F.3d 145, 146 (8th Cir. 1994)). However, "a petition may be summarily dismissed [without a hearing] if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Id.* at 459–60. Here, the Magistrate Judge determined that each of Harvey's claims of prosecutorial misconduct presented in his amended petition were procedurally defaulted for failure to raise them on his direct appeal. [DN 189 at 14, 16.] This Court adopted this reasoning in full. [DN 194; 195.] Because these claims were barred from review on the merits, the presentation of any additional evidence in support of those claims would be futile. Accordingly, the Court cannot say that any failure to hear such claims at the evidentiary hearing justifies relief as a "mistake" under Rule 60(b)(1).

Next, "relief may be granted under Rule 60(b)(6) 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). "Relief [under Rule 60(b)(6)] is limited to 'unusual and extreme situations where principles of equity *mandate* relief.'" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). Even assuming that Harvey's claims of error are not addressed by subsection (b)(1)'s "mistake" provision, however, the Court finds that no such extraordinary circumstances exist to justify relief under Rule 60(b)(6). Harvey contends that he

was "denied Due Process when the granted elements of his 2255 were not heard" at the evidentiary hearing. [DN 202 at 3 (emphasis in original).] But again, as discussed above, the Magistrate Judge determined, and this Court agreed, that both of the claims raised in Harvey's amended petition were procedurally defaulted. [DN 189 at 14, 16.] Accordingly, any limitation on Harvey's ability to present evidence in support of those claims is not a sufficient "other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as it would have had no effect on the finding that Harvey's claims were barred from review.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *McGuire*, 738 F.3d at 750 (quoting *Ford Motor Co.*, 487 F.3d at 468). The Court finds that Harvey has presented no adequate ground justifying relief under this Rule, and therefore his motion is denied. The portions of Harvey's motion seeking an evidentiary hearing and appointed counsel to represent him at such a hearing are accordingly denied.

## C. Requests for Copies of Documents

Because the Court is denying Harvey's motion and his request for an evidentiary hearing to present evidence of his claims of misconduct, Harvey's requests for copies of investigations into alleged misconduct of the Barren County Sherriff's Office and correspondence between the prosecutor and Harvey's appointed counsel from the last hearing are likely moot. However, even if they are not moot, the Court finds that Harvey has not shown good cause as to why he should receive these documents. "Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause . . . ." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Good cause does not exist when there is no "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th

Cir. 2004) (quoting *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997); *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Here, even if Harvey were allowed to obtain and present such evidence at an evidentiary hearing, this would do nothing to change the fact that the claims on which Harvey seeks an evidentiary hearing were procedurally defaulted. In other words, no amount of evidence in support of his claims would entitle Harvey to relief. Accordingly, Harvey's requests for investigative reports and attorney correspondence are denied.

### D.  Certificate of Appealability

Before Harvey may appeal this Court's decision denying his motion, which the Court construes as a Rule 60(b) motion, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Hardin*, 481 F.3d 924, 925–26 (6th Cir. 2007). When a district court denies a § 2255 petition on procedural grounds, a certificate of appealability should be granted only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having reviewed Harvey's Rule 60(b) motion and his initial and amended § 2255 petitions, the Court is satisfied that reasonable jurists would not find the Court's ruling to be debatable. Accordingly, a certificate of appealability is denied.

CONCLUSION

For the reasons set forth above, **IT IS ORDERED** as follows:

(1) Petitioner's Motion for Reconsideration [DN 202], which the Court construes as a Rule 60(b) motion for relief from judgment or order, is **DENIED,** and a Certificate of Appealability is **DENIED** as to that challenge.

(2) Petitioner's requests for an evidentiary hearing, appointed counsel to represent him at that hearing, copies of investigational reports, and copies of correspondence, [DN 202], are **DENIED**, and a Certificate of Appealability is **DENIED** as to that challenge.