UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:11-CR-24-TBR

TONY GLEN HARVEY                                                                                    PETITIONER

v.

UNITED STATES OF AMERICA,                                                                  RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Tony Glen Harvey's Motion for Clarification [DN 205] and Motion Petition[ing] for the Government/Court to Provide One Copy of Transcripts. [DN 206.] The United States did not respond to either motion. These matters are now ripe for adjudication. For the following reasons, Petitioner's motions are DENIED.

BACKGROUND

Harvey, a federal prisoner, was found guilty, after a jury trial, of two crimes: transporting a minor in interstate commerce with intent to engage in sexual activity and brandishing a firearm in furtherance of a crime of violence. [DN 101.] He was sentenced to 324 and 84 months in prison, respectively. [*Id.*] The Sixth Circuit Court of Appeals affirmed both the convictions and sentence. [DN 143.] Harvey then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [DN 145.] This Court referred the matter to Magistrate Judge Brennenstuhl for findings of fact, conclusions of law, and recommendations. [DN 150.] Harvey later filed a motion to amend his petition to add an additional claim of prosecutorial misconduct, [DN 154], which the Magistrate Judge granted. [DN 168.]

On June 9, 2016, this Court issued an Order [DN 194] and Judgment [DN 195] adopting the Magistrate Judge's Findings of Fact and Conclusions of Law [DN 189] and denying

Harvey's § 2255 motion to vacate. [DN 145; 154.] The Court further denied a certificate of appealability as to each claim asserted in Harvey's motion to vacate. [DN 194; 195.] On June 21, 2016, Harvey filed Notice of Appeal to the Sixth Circuit. [DN 196.] After Harvey's appointed counsel also filed an appeal to the Sixth Circuit [DN 197], the Sixth Circuit dismissed the first appeal (Case No. 16-5895) as duplicative of the second (Case No. 16-5910). [DN 199.] Case No. 16-5910 remains pending in the appellate court. On July 11, 2016, Harvey filed a Motion for Reconsideration of this Court's denial of his petition and further requested an evidentiary hearing, copies of investigatory reports relating to alleged misconduct by the Barren County Sherriff's Office, appointment of counsel for an evidentiary hearing, and copies of correspondence between his appointed counsel and the prosecutor from a previous evidentiary hearing. [DN 202.] The Court construed Harvey's motion for reconsideration as one for relief from judgment under Rule 60(b) and denied that motion on January 9, 2017. [DN 208.] On October 21, 2016, Harvey filed the instant motions for clarification and for a copy of transcripts. [DN 205; 206.]

## DISCUSSION

Although "filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case" in many circumstances, this jurisdictional bar does not arise with regard to "remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995). Because the instant motions do not affect the merits of Harvey's pending appeal, this Court retains jurisdiction to entertain them.

**A. Motion for Clarification**

In his Motion for Clarification, Harvey seeks clarification as to "who represents him on appeal, the progress of that case, and any other information available." [DN 205 at 2.] Because

2

the relief Harvey seeks is properly directed to the Sixth Circuit Court of Appeals, where his appeal is currently pending (Case No. 16-5910), Harvey's motion for clarification regarding details of his appeal is denied.

## B. Motion for Copy of Transcripts

Harvey also requests that the Court "provide him with one (1) copy of the transcripts from the January 14, 2016 pre-evidentiary hearing held in the above case." [DN 206.] Harvey states that he "needs these transcripts to perfect his 28 U.S.C. § 2255 which is in the process of being constructed." [*Id.*] However, as this Court has already denied Harvey's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [DN 194, 195] and denied Harvey's Motion to Reconsider that ruling, which was construed as a Rule 60(b) motion, [DN 202; 208], Harvey's § 2255 motion is no longer "in the process of being constructed" by this Court. Accordingly, Harvey's motion for transcripts is denied as moot.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** as follows:

(1) Petitioner's Motion for Clarification [DN 205] is **DENIED.**

(2) Petitioner's Motion Petition[ing] for the Government/Court to Provide One Copy of Transcripts [DN 206] is **DENIED as MOOT.**


cc:  Tony Glen Harvey, *pro se*
 13680-033
 Inmate Mail/Parcels
 P.O. Box 1000
 Talladega, AL 35160